Good morning, Your Honor. Please record Alan Hyman for Passport Entertainment, the appellant. Written in 20,000 words. The point here is that the district court erred. The district court inherently adjudicated and forfeited Florence Puglisi's creditor status without due process. That the district court inherently found that adjudicated whether Florence Puglisi was a bona fide creditor without due process. There was no basis. It was clearly erroneous for the court to find based on a reply brief that some of the checks written to her really belonged to Passport, the former debtors, Passport International. The court said in its order many of the checks made to pay Florence Puglisi to care of Passport as royalty payments really were the property of the prior company. That was presented in a reply brief. As we pointed out, there was a tab 36-12-39. There was an adjudication by a bankruptcy court in 1994 that Florence Puglisi owned those rights in New York. Even if you're correct on, in effect, the adequacy of the consideration and the facts that support the district court's finding on that prong, Why, in your view, would it, was it clearly erroneous to have found that the conveyance at the time of the default was fraudulent? Because the conveyance, the time of the default being fraudulent, I suggest, is an empty finding because what you have here is, I mean, you can say, well, it was an You have 10 years of, well, I'm going to answer that question. The conveyance at the time of the default was fraudulent. How, how does that, even were that the case? I'm sorry, even if it were the case. Even were that the case, Your Honor, Judge Reinert. Even were that the case, that doesn't result in a forfeiture of Florence Puglisi's 3.5 million of her debt. There is no case. Every other case, you have a contemporary, if you find, if you want to forfeit someone's debt or interest, it's kind of contemporary. It happens at the same time. Here we have 1993 to 2003. She's making loans for 10 years in advance. And we have, there's no question about all these loans. There is none of those loans that she made all those years, which in any way, this lawsuit didn't start until 2003, which in any way could be construed as avoiding creditor rights that occurred or accrued in 2004, 2005. The Court, you know, this Court deals with indispensable parties. The Court deals and actually raises this on its own. I was thinking about this. I looked at United States, UOP versus United States. I didn't cite this. It's 99F3344, where this Court itself calls upon itself, even if it's not raised below or not raised on appeal, calls upon itself to say indispensable party questions on the appellate court's own motion if it was not litigated below. And the reason is, is because Florence Puglisi, though may have been adequately represented by Passport Entertainment, the Court didn't consider the issues of her rights as a creditor. I don't understand. Excuse me, Justice Klinker, go ahead. No, go ahead. I didn't understand your point about that. Was she represented in the district court? She was not a party in the district court. Was she represented? She ‑‑ that's a very good point. Yes, there was representation, and the term adequate representation by Passport Entertainment. But did the Court ‑‑ Was that her, was that her lawyer? Yes, that was me. Okay. But did the Court consider, it's not the adequate representation, did the Court consider the issues that would be considered for her representation? Counsel? Yes. I'm missing something here. The way I remember it, before the default judgment was taken, there was counsel, and counsel notified plaintiff's counsel that they would not be appearing at the proceeding to determine the amount of damages. Full representation, and they considered decision. Is that right so far? What's right, there was counsel for the Passport International, the other passport entities. I was not that counsel. I believe the record's a little unclear. There were two cases, and there was a notification in October, after the foreclosure, that they would not be appearing for ‑‑ or that they would not be appearing on the damages aspect of the underlying case. Another counsel was involved in that. Now, as I recall, when these companies changed, you've got the same shareholder, the same directors, the same assets, the same business. Correct. Is that right so far? Correct. The timing is consistent with a fraudulent transfer for purposes of defrauding creditors. The timing is, you say, is consistent. That, but how do you forfeit Florence Puglisi's $3.5 million? How do you have standing to even make that argument? If I have standing to make the argument, that was the ‑‑ But, I mean, how does Passport International have standing to assert Florence's rights? Well, of course, one is, is that a surrogate for Florence Puglisi. But, number two, that's what this Court would do. This Court would say that's a due process issue. Well, it may be, but why is that? It's her right before us. Because the judge implicitly went ahead and destroyed her rights without due process. The judge implicitly went ahead and forfeited her rights. And if there's an indispensable party or a party outside, this circuit says it's not right. You can raise it on your own, even if we didn't raise it. Suis Fonte, that's the case I quoted. Getting back to the transfer, the judge made a finding of fact, as I recall, that the transfer was for purposes of defrauding creditors. Why is it ‑‑ in view of those things I asked you about a moment ago, why would that be clearly erroneous? Because ‑‑ Or are you saying it doesn't matter? It may not be clearly erroneous, but it doesn't matter. We don't get to there. We can't get to that. You can't get to that finding if you're going to forfeit. And if Florence Puglisi had a legitimate creditor status of $3.5 million, you don't get to that issue. You don't get to that issue. At this point, I don't understand for the same reason that Judge Reimer asked you about it. Let's suppose that she was denied due process of law. Why doesn't she have to come in here and say so? This Court can say so. This Court has an absolute finding. This Court says under 99F3rd, we tried to intervene, and the district court said we were untimely, which we were, because Florence Puglisi tried to intervene. The district court said she was untimely, and said even if she were timely, I would not grant intervention because she's adequately represented. Adequately represented is one thing. Was the Court adequately considering her interests? This Court ‑‑ I was thinking about this. If Florence wanted to come in in a timely way, no reason to doubt she could have. Perfectly good reason for her not to. Subjecting herself personally to the jurisdiction of the Court would put her assets at even more risk. That would have ‑‑ but this Court is also finding this up to the plaintiff. Rule 19, rule 19C says, when asserting a claim for relief, a party must, if the name of the person who is required to be joined is feasible, they should join them. Why didn't they join Florence Puglisi? Why didn't they bring her in? She was the person who had the debt. You have a forfeiture of ‑‑ I'm out of time. I wanted to save a minute for rebuttal. Okay. Thank you, Mr. Treiman. Mr. Lautran. May it please the Court, my name is Lautran, and I represent the plaintiffs and the police in this appeal. Your Honor, the motion to amend to add the possible affiliation of Florence Puglisi to Florence Puglisi was no ordinary motion. As you can see from the record, the pleadings and the evidentiary evidence submitted by the parties in the court below totaled over 1,500 pages. There was very factually intensive motion, and the party, and in that respect, the district court has revealed this evidence and has made several findings of facts like Justice Ryan Mahassa explained. The clear error, there's no dispute that this is a clear error standard. As you know, the factual findings of the district court should be entitled to considerable deference. The district court made several findings, factual findings in that regard, which confirmed that it was fully conveyance, and also it made a factual finding that there was inadequate consideration, also made a factual finding that there was an identical corporation between the two entities, and identical shareholders, business operations, so forth. In that regard, there's nothing, the only issue to be determined on this appeal is whether or not it was the several final facts made by the district court was plausible in light of the considerable evidence submitted before. And I submit to you that the answer is yes. With respect to the argument that there was a, that Florence Puglisi was somehow not adequately represented in this matter, I submit to you that she was, like the district court finding, has made a finding in that regard on the motion to intervene by Florence Puglisi. I also want to point out to this Court that Florence Puglisi subsequently filed an appeal to this Court against the denial of that motion to intervene, but for whatever strategic reason, she has decided to withdraw that appeal before the Court, so she cannot complain about not being adequately represented in this matter. Be that as it may, in the Court below, the only officer by passport that submitted a declaration or declarations in support of passport was Janet Puglisi, who was the granddaughter of Florence Puglisi. And I would like to point out to the Court that in the record at tab 17, at page 122, in the declaration of Janet Puglisi, she stated that she has the power of attorney for Florence Puglisi. So as a practical matter, Florence Puglisi was adequately represented in the Court below and in this Court. But again, she chose not to pursue the appeal to assert her right in this case. Your Honor, the Church District Court made three findings of facts crucial in this regard. Any one of these findings of facts is enough to support his decision that there was a successor liability in this case between the two corporations and that there was a fraud conveyance in this action. And with respect to the inadequate consideration, Your Honor, it was very plausible in light of the evidence before us before the Court, the District Court, that there was inadequate representation or consideration. I mean, we have declaration by Janet Puglisi in the divorce proceedings around the same time valuing the assets of the company at $6.68 million. And it was undisputed that the very same assets was, quote-unquote, sold to Florence Puglisi for only $2 million. I mean, that alone is sufficient. In addition to that, and it's a point that the appellant do not dispute anywhere in the Court below or in this Court, is that there was identical identities between the previous corporation and the passport LLC. That, Your Honor, is undisputed. So that alone is enough to support a finding of successor liability. With respect to the finding of fact regarding the fraud conveyance, it was very clear there were several indicia of bad faith, like Judge Reimer has indicated. The timing is clearly suspicious. I mean, the day before, they notified counsel for the plaintiff that they're going to drop out of the case, not going to pursue it further. The day after, they create this new corporation, transferring all the assets from the old to the new corporation. There was no dispute in that regard. Other indicia of fraud includes the fact that there were several questions regarding whether or not a loan, should she actually loan that kind of money to the corporation. One of the examples, clear example, Your Honor, is that there were two purported written loan agreements which formed the basis of the UCC filing by Florence Puglisi. Those loan agreements were dated 1996 and 1998, allegedly. But in 2005, during the deposition of Florence Puglisi in the divorce proceeding, she testified and admitted there was no loan agreements in writing whatsoever. And we had it in our brief. So that alone shows that the basis of the purported UCC filing was fraudulent. And that evidence was before the district court. And it was very plausible for the district court to look at that evidence and say, hey, this UCC filing was not correct. There are the indicia of fraud, for example, that the inconsistent position taken by Passport LLC regarding what actually happened to the assets of the corporation. In this case, when the creditor is going after the assets of Passport LLC, the defendants, the debtors, take the position that, well, Florence Puglisi still owns all of these assets. But as we pointed out that in a recent filing in New York, before the district court in New York, when Passport LLC was trying to assert the rights belonging to it, it took a contrary position. It stated in the first amended complaint in that New York proceeding that, well, Florence Puglisi has transferred and assigned all the assets to Passport LLC. So what is the truth here? And there are several other inconsistent positions taken by Passport in the various pleadings. Another example is how much did Passport LLC repay or the various Passport entities repay that purported loan by Florence Puglisi? In the divorce proceedings, Florence Puglisi stated that she never got repaid anything, and that the position testimony was in 2005 again. She said she never received anything. However, in this proceedings, they claim that between 1998 and 2005, the various Passport entities has repaid Florence Puglisi over $2 million. I mean, what is the truth here? We have flip-flopping from one important fact after another, and all this evidence, Your Honor, was before the district court. Who made, again, factual finding that this thing cannot be believable, and that was indeed fraud and conveyance? Thank you very much. All right. Thank you both for the matter I just argued, and the matter just argued will be submitted. I'm sorry? I'm sorry, out of time. That's why I mentioned at the beginning, and I'll just underscore it for everybody, that the clock shows the time, so please keep track of it yourselves. Thank you. We'll next hear argument in McMullen v. Delta Airlines.
judges: Schroeder, Ikuta, Rymer